**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-05-1103-C |
| | ) |
| KFOR-TV, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Now before the Court is a Motion to Dismiss filed by Defendant KFOR-TV (KFOR). Plaintiff Linda Stewart (Stewart) filed a response, to which KFOR filed a reply. Accordingly, the motion is ripe for adjudication. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS IN PART** and **DENIES IN PART** KFOR's motion.

### BACKGROUND

In July 2005, KFOR televised a story concerning stolen credit cards. During its broadcast, KFOR televised a portion of a surveillance video which, according to Stewart, implicated her as a thief in the then-ongoing stolen credit card investigation. Stewart subsequently lost her gaming license as well as her employment with a local gaming center.

Stewart originally filed suit in state court, but KFOR timely removed the action to federal court under 28 U.S.C. § 1332, the diversity statute. KFOR now moves the Court under Fed. R. Civ. P. 12(b)(6) to dismiss Stewart's complaint for failure to state claims on which relief can be granted.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss any claim made by Stewart where it appears beyond doubt that the claim is legally insufficient to support a finding of liability. Dismissal for failure to state a claim is appropriate where the complaint does not allege any set of facts that would entitle Stewart to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under the rules of civil procedure, the Court construes Stewart's complaint so as to do substantial justice. Rule 8(f). In analyzing a Rule 12(b)(6) motion, the Court assumes that all well-pleaded facts contained in the complaint are true, views those facts in the light most favorable to Stewart, and resolves all reasonable inferences in her favor. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). In addition to well-pleaded facts, the Court "may review 'mere argument contained in a memorandum in opposition to dismiss' without converting the Rule 12(b)(6) motion into a motion for summary judgment." County of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). The Court may also review undisputed documents cited in the complaint which are fundamental to Stewart's claims. Id. Nonetheless, conclusory allegations ungirded by factual averments within the complaint will not save an otherwise insufficient claim from dismissal. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting [Stewart's complaint] for failure to state a claim." Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir. 1985). Consequently, dismissal of a complaint under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the

spirit of the liberal rules of pleading but also to protect the interests of justice." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986) (citation omitted).

## DISCUSSION

KFOR requests that Stewart's complaint be dismissed in its entirety. KFOR contends that Stewart fails to allege either a defamation claim or false light invasion of privacy claim because KFOR's broadcasts were substantially true and privileged, and that she fails to allege a negligence claim because she cannot recast her defamation claim as one sounding in negligence.

A claim may only be dismissed under Rule 12(b)(6) in two instances: the claim is premised upon an unrecognized legal theory of liability or the complaint fails to contain sufficient facts, either direct or inferential, that support each element of a legally cognizable claim. Here, KFOR's statutory and common-law privilege arguments are ineffective at this stage of the litigation. KFOR bears the burden of asserting an affirmative defense and submitting evidence sufficient to prove each element of the affirmative defense. See Gaylord Entm't Co. v. Thompson, 1998 OK 30, ¶ 29, 958 P.2d 128, 145. The purpose of a Rule 12(b)(6) motion, however, is to test the legal sufficiency of Stewart's complaint—not to test the merits of KFOR's affirmative defenses. Here, to prove its affirmative defenses, KFOR relies on facts outside the Court's permissible scope of consideration under Rule 12(b)(6)—facts regarding whether KFOR acquired its information in an official proceeding, judicial proceeding, or meeting open to the public, and whether KFOR's statements were fact or opinion. See Magnusson v. New York Times Co., 2004 OK 53, ¶¶ 10-11, 98 P.3d 1070,

1075 (listing elements of the fair comment privilege); Wright v. Grove Sun Newspaper Co., 1994 OK 37, ¶ 18, 873 P.2d 983, 989 (listing elements of both the fair report privilege and the Oklahoma statutory privilege.  As a result, the Court limits its consideration to facts alleged in Stewart's complaint and the KFOR broadcast itself, and expresses no opinion on KFOR's affirmative defenses.

The broadcasts at issue show that KFOR used the phrase "the thief" when referencing the individual on the surveillance video, yet the City of Norman, Oklahoma, police refer to the individual on the tape as "unknown female suspect."  (Def.'s Br., Dkt. No. 9, Ex. 2.) When the Court applies the proper standard enunciated above, Stewart alleges facts sufficient to support a claim for both defamation and false light invasion of privacy because KFOR recklessly or maliciously televised an unprivileged broadcast to the public which falsely implicated her as a credit card thief and, as a result, she lost her gaming license and her employer terminated her employment.  See Mitchell v. Griffin Television, L.L.C., 2002 OK CIV APP 115, ¶ 5, 60 P.3d 1058, 1061 (discussing defamation); 12 Okla. Stat. §§ 1442, 1447.3; Tanique, Inc. v. Okla. Bureau of Narcotics & Dangerous Drugs, 2004 OK CIV APP 73, ¶¶ 31-32, 99 P.3d 1209, 1217 (discussing false light invasion of privacy).

For Stewart's negligence claim, the Court agrees with KFOR that her negligence claim impermissibly relies upon the same set of operative facts as her defamation and false light claims.  The facts alleged in Stewart's complaint demonstrate that her focus is on, and her alleged damages flow from, KFOR's publication of the surveillance video–not upon a breach of duty.  Stewart may not rely upon the same set of operative facts and recast her

defamation claim as one sounding in negligence.  See Jordan v. World Publ'g Co., 1994 OK CIV APP 30, ¶¶ 8-10, 872 P.2d 946, 947-48.  Additionally, other than the bald assertion that KFOR owed a duty, Stewart fails to allege any facts whatsoever from which the Court may infer the existence of a duty.  Consequently, Stewart's negligence claim is ripe for dismissal.

## CONCLUSION

KFOR has failed to demonstrate beyond doubt that Stewart's defamation and false light invasion of privacy claims are legally insufficient to support a finding of liability. KFOR has, however, made the necessary demonstration with regard to Stewart's negligence claim; therefore, Stewart's negligence claim is **DISMISSED WITHOUT PREJUDICE**. As delineated more fully herein, KFOR's Motion to Dismiss [Dkt. No. 9] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED this 2nd day of March, 2006.

/s/ Robin J. Cauthron
ROBIN J. CAUTHRON
United States District Judge