**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-05-1103-C |
| | ) |
| KFOR-TV, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Motion to Dismiss Without Prejudice filed by Plaintiff Linda Stewart (Stewart). Defendant KFOR-TV (KFOR) filed a response; therefore, the matter is ripe for disposition. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS** Stewart's motion subject to the conditions delimited below.

Stewart originally commenced this action in state court alleging defamation, false light invasion of privacy, and negligence as a result of KFOR's televised story implicating her as a thief in a then-ongoing stolen credit-card investigation. KFOR timely removed the action to federal court under diversity jurisdiction and filed a motion to dismiss. The Court subsequently granted in part KFOR's motion and dismissed Stewart's negligence claim.

Stewart states that she just recently learned that KWTV, a television station owned by an Oklahoma corporation, allegedly televised a similar story implicating her as a thief, which is the essence of her claim against KFOR. As a result, Stewart now moves the Court to dismiss her action without prejudice under Fed. R. Civ. P. 41(a)(2), as she seeks to add KWTV, a non-diverse defendant, upon refiling the action in state court. In support of her

motion, Stewart contends that KFOR will not suffer legal prejudice, that the joining of KFOR and KWTV in the same action would promote judicial economy and allow for a just and complete adjudication of her claims, and that complete adjudication between the parties cannot be accomplished without the joinder of KWTV.  In response, KFOR contends that it will suffer legal prejudice if the action is dismissed and that Stewart has not given a sufficient explanation for dismissal.  In the alternative, KFOR contends that if the Court were to dismiss the action, the Court should require Stewart to give additional responses to KFOR's discovery requests and pay KFOR's expenses incurred in removing this action to federal court.

Because KFOR filed an answer in this action, Stewart may only dismiss her action upon order of the Court and subject to any terms or conditions the Court deems proper.  Rule 41(a).  "Absent 'legal prejudice' to [KFOR], the district court normally should grant such a dismissal."  Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).  Legal prejudice does not occur merely because a second action is pending or is threatened.  Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005).  Even though KFOR invoked the Court's jurisdiction via removal, "[r]ule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where [Stewart]'s only motive is to recommence the action in state court."  Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1413 (10th Cir. 1991).  "The possibility that [Stewart] may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."  Id. at 1412.

The four relevant, but non-exhaustive, factors the Court must consider are (1) KFOR's trial preparation efforts and any expenses incurred therein; (2) any excessive delay or lack of diligence by Stewart; (3) an insufficient explanation for the requested dismissal; and (4) the action's present stage of litigation. Ohlander, 114 F.3d at 1537. The Court should also consider other unique factors, if any, relevant to the instant action, id., including curative conditions negating legal prejudice, and may take a broad view of all relevant factors considered. Brown, 413 F.3d at 1125-26. Not all factors considered need be resolved in one party's favor. Ohlander, 114 F.3d at 1537. If the Court qualifies dismissal by the imposition of curative conditions not requested by the movant, the movant may withdraw her motion to dismiss and proceed with the action. Mortgage Guar. Ins. Corp. v. Richard Carlyon Co., 904 F.2d 298, 301 (5th Cir. 1990). "Finally, . . . a court must remember the important factors in determining legal prejudice are those involving the parties, not the court's time or effort spent on the case." Ohlander, 114 F.3d at 1537.

Here, the Court finds that KFOR will not suffer legal prejudice, especially in light of the curative condition set by the Court below. The first, second, and fourth factors clearly weigh in favor of Stewart. The instant action is still well within the beginning stages of the litigation process: more than five months of discovery still remain, the first pre-trial filings are not due until September 2006, and this action is not slated for trial until January 2007. (See Scheduling Order, Dkt. No. 28.) The record currently before the Court is devoid of evidence of KFOR's efforts or expenses in preparing for trial, other than expenses normally associated with early discovery efforts. Lastly, the Court's canvassing of the docket sheet

fails to disclose, and KFOR has failed to present, evidence of dilatory conduct by Stewart causing any delay, much less excessive delay, or demonstrating her lack of diligence in prosecuting this action. As a result, the first, second, and fourth factors favor dismissal.

KFOR focuses its objections on the third factor—that Stewart has given an insufficient explanation for dismissal. In her motion, Stewart contends that both KFOR and KWTV televised the same surveillance video in which she is described as attempting to use a stolen credit card, thus joinder is proper. In response, KFOR spends much of its brief contending why joinder of KWTV under Rules 19 or 20 is neither mandatory nor permissible. In addition, KFOR states that were the Court to grant dismissal and Stewart join KWTV in a state court action, the state court would probably sever the action into two cases, upon which KFOR would remove the action again to federal court, thus costing time and additional expenses.

KFOR's arguments are unpersuasive as they do not demonstrate legal prejudice, but merely its desire to litigate in a federal forum. Whether joinder under either Rule 19 or 20 is proper because both KFOR and KWTV televised and commented upon the same surveillance video is currently not at issue before the Court. Additionally, the Court declines to predict how a state court will adjudicate KFOR's likely motion for severance. Nonetheless, the Court is persuaded that KFOR may suffer legal prejudice in the form of incurring duplicative costs associated with removal if the state court does sever the action and KFOR again removes the action to federal court. As a curative condition, if KFOR properly removes the action to federal court a second time, Stewart must pay all reasonable expenses, including attorney's

fees, KFOR incurs as a result. To the extent KFOR believes Stewart's response to its discovery requests is inadequate, the proper vehicle for resolution is a motion to compel. In light of the foregoing, the Court finds that Stewart's explanation for the dismissal is sufficient; thus the third factor also weighs in favor of dismissal.

## CONCLUSION

The Court, upon consideration of the litigants' submissions and the applicable law, now conditionally **GRANTS** Stewart's Motion to Dismiss Without Prejudice [Dkt. No. 29] as delineated above but subject to a ten-day period within which Stewart may either accept or reject the Court's curative condition. Stewart is **DIRECTED** to file a response with the Court within ten days from the date of this Order evidencing her intent to either withdraw her motion to dismiss or accept the Court's decision. Failure to file a timely response will be construed as consent to the Court's conditional grant of dismissal.

IT IS SO ORDERED this 14th day of June, 2006.

ROBIN J. CAUTHRON
United States District Judge